IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR120 |
| vs. | FINDINGS AND RECOMMENDATION |
| SAMUEL VILLALBA, | |
| Defendant. | |

    This matter is before the Court on Defendant's Motion for Order to Show Cause Why Case Should not be Dismissed (Filing No. 37) supported by a brief (Filing No. 40), and Defendant's Motion to Dismiss Based on Selective Prosecution and, or alternatively, for Additional Discovery (Filing No. 38) supported by a brief (Filing No. 39).  The government filed a consolidated brief (Filing No. 46) in opposition to both motions.  On August 2, 2018, Defendant filed a reply brief (Filing No. 47).  The matter is now deemed fully submitted.  For the following reasons, the undersigned magistrate judge recommends that the motions be denied, without a hearing.

## BACKGROUND

    According to the Affidavit supporting the Criminal Complaint in this matter, Justin McCarthy, a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), and Homeland Security Investigations (HSI) first became aware of Defendant in February 2018, during a child exploitation investigation. Subsequent immigration queries by an HSI task force officer indicated that Defendant is a citizen of Mexico illegally present in the United States and was issued a Voluntary Return to return to Mexico on his own accord.  On March 28, 2018, Defendant was arrested for immigration violations during the execution of a federal search warrant related to the separate child exploitation investigation and was transported to the Omaha Office of Enforcement and Removal Operations for processing.  (Filing No. 1 at pp. 2-3).

    On April 13, 2018, Defendant was charged in this case with a Criminal Complaint for false representation of a Social Security number based upon information learned by ICE and HSI officers during the immigration investigation.  (Filing No. 1).  According to SA McCarthy's Affidavit, Defendant told investigators he had been working in construction at BC Drywall.

Further investigation revealed Defendant had allegedly used an invalid Alien Registration number when completing Form I-9 for his employment. (Filing No. 1 at pp. 4-5). Defendant was arrested on the Complaint on April 16, 2018. An immigration detainer dated April 16, 2018, against the defendant's release was filed with the U.S. Marshal's Service requesting 48-hours' notice before Defendant's release in this criminal prosecution to allow ICE to assume custody. (Filing No. 5 at p. 5; Filing No. 13 at p. 6).

A detention hearing was held before Magistrate Judge Susan M. Bazis on April 24, 2018. Pretrial services recommended that Defendant be granted pretrial release, which the government did not oppose. Magistrate Judge Bazis ordered that Defendant be released pursuant to a personal recognizance bond with conditions. (Filing Nos. 16-17).

On April 25, 2018, Defendant filed a "Motion for Order to Show Cause Why This Case Should Not Be Dismissed" (Filing No. 14). Defendant asserted that, although he was "released" from custody by Magistrate Judge Bazis, he remained detained in the Douglas County Jail pursuant to the immigration detainer, pending a hearing before an immigration judge on May 1, 2018. (Filing No. 15 at p. 3). Prior to resolution of that motion, on May 4, 2018, the government filed a brief asserting that Defendant's motion was moot because the immigration judge released Defendant from the immigration detainer subject to a $3,000 bond, which Defendant satisfied on May 3, 2018. (Filing No. 21). Defendant has not been detained in jail or prison since that date. Defendant thereafter withdrew his motion. (Filing Nos. 25-26).

On May 22, 2018, an Indictment was filed in this case charging Defendant with three counts: (1) false representation of his social security number in violation of 42 U.S.C. § 408(a)(7)(B); (2) unlawful use of an identification document in violation of 18 U.S.C. § 1546(b); and (3) making a false claim of United States citizenship, in violation of 18 U.S.C. § 1015(e). (Filing No. 27). Defendant was arraigned on May 31, 2018, and again released on conditions. (Filing No. 32).

On July 20, 2018, Defendant filed the instant motions before the Court. Defendant has renewed his motion for order to show cause why this case should not be dismissed, arguing that his continued detention in ICE custody and payment of an ICE bond after this Court ordered his pretrial release violated the Bail Reform Act, 18 U.S.C. § 3141, et seq. (Filing No. 40). Defendant also moves the Court to dismiss the Indictment based on selective prosecution, or in the alternative, for discovery related to his selective prosecution claim. (Filing No. 38).

**ANALYSIS**

**I. Motion for Order to Show Cause**

Defendant requests that the Court order the government to show cause why the Indictment should not be dismissed due the government's violation of this Court's order setting conditions of pretrial release. (Filing No. 40 at p. 7). Defendant asserts that the government violated the Court's pretrial release order and the Bail Reform Act when Defendant was detained in ICE custody after Magistrate Judge Bazis ordered that he be released. Although Defendant is no longer detained, he maintains that he is still in "custody" pursuant to the immigration detainer by virtue of the bond and separate release plan created by the immigration court after he was released on conditions in this prosecution. (Filing No. 47).

In the last several years, district courts around the country have addressed similar situations where a defendant is ordered to be released under the Bail Reform Act, but is then taken into ICE custody pursuant to an ICE detainer obtained under the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. ("INA"). See, e.g., *United States v. Trujillo-Alvarez*, 900 F. Supp.2d 1167, 1176 (D. Or. 2012); *United States v. Blas*, No. CRIM. 13-0178-WS-C, 2013 WL 5317228, at *2 (S.D. Ala. Sept. 20, 2013); *United States v. Ventura*, No. 17-CR-418, 2017 WL 5129012, at *2 (E.D.N.Y. Nov. 3, 2017); *United States v. Boutin*, 269 F. Supp. 3d 24, 26 (E.D.N.Y. 2017), *appeal withdrawn*, No. 18-194, 2018 WL 1940385 (2d Cir. Feb. 22, 2018); *United States v. Rangel*, No. 4:18-CR-6002-SMJ, 2018 WL 3105922, at *5 (E.D. Wash. Mar. 21, 2018); *United States v. Alvarado-Velasquez*, No. 3:18-CR-00158, 2018 WL 3968582, at *1 (M.D. Tenn. Aug. 20, 2018). The majority of district courts that have addressed the issue have followed the district court's analysis in *Trujillo-Alvarez* and concluded that "the purpose of an ICE detainer is for 'arresting and removing the alien[ ]'" but may not be utilized "for the purpose of avoiding the pretrial release provisions of the [Bail Reform Act]." *Trujillo-Alvarez*, 900 F. Supp. 2d at 1176; see also, *Boutin*, 269 F. Supp. 3d at 26 ("[O]nce a criminal prosecution is initiated and the Government has invoked the jurisdiction of a federal district court, the Bail Reform Act is controlling. When an Article III court has ordered a defendant released, the retention of a defendant in ICE custody contravenes a determination made pursuant to the Bail Reform Act. As such, the Government's criminal prosecution cannot proceed and must be dismissed with prejudice."); *Ventura*, No. 17-CR-418 (DLI), 2017 WL 5129012, at *3("[O]nce prosecution is the Government's chosen course of

3

action, the Executive may not attempt to obviate the bond determination of this Court by enforcing the ICE detainer. Accordingly, the Government now must make a choice. It can continue down the path it originally chose, namely to prosecute Defendant, or it can seek Defendant's removal from the United States and continue his detention by ICE. It cannot do both. . . The Government either must release Defendant under the bond conditions set in this case and continue the instant prosecution, or dismiss the indictment with prejudice, forego its illegal reentry prosecution, and proceed with Defendant's removal.").

In this case, it does appear that the government violated the Court's pretrial release order entered pursuant to the Bail Reform Act when Defendant was detained in ICE custody after Magistrate Judge Bazis ordered that he be released. However, Defendant is admittedly no longer detained by ICE. Although the parties reference a second "release plan" entered by the immigration judge, no evidence of that release plan is before the Court. Based on the record before the Court, Defendant is not being detained and the government has apparently made its decision to proceed with this criminal prosecution. Accordingly, the undersigned finds that Defendant's motion requiring the government to show cause why this case should be dismissed should be denied.[1]

## II. Motion to Dismiss or for Additional Discovery on Selective Prosecution

Defendant bases his selective prosecution claim on his assertion that law enforcement, DHS, and ICE engage in a pattern and practice of investigating and arresting minorities for immigration crimes, but do not investigate or arrest the employer of those minorities for unlawfully employing undocumented individuals. (Filing No. 38 at p. 2). Defendant alleges that the Indictment should be dismissed because the government's pattern and practice have a discriminatory intent and effect on minorities, in violation of the Due Process Clause and Equal Protection Clause. At a minimum, Defendant requests that the Court grant the Defendant leave to conduct additional discovery related to his selective prosecution claim.

---

[1] The undersigned does not foreclose the possibility that this issue may again arise in the event that the government attempts to proceed with removal during the pendency of this criminal prosecution. See, e.g., *Blas*, No. CRIM. 13-0178-WS-C, 2013 WL 5317228, at *3 ("[O]nce the Secretary [of Homeland Security] opts for prosecution over deportation . . . and invokes the jurisdiction of this Court, this Court has priority or first standing and administrative deportation proceedings must take a backseat to court proceedings until the criminal prosecution comes to an end."). However, that issue is not currently before the Court.

4

To prevail on a selective prosecution claim, a defendant must show that "(1) he was singled out for prosecution while others similarly situated were not prosecuted for similar conduct, and (2) the decision to prosecute him was based on an impermissible motive such as race, religion, or an attempt by the defendant to secure other constitutional rights." *United States v. Scott*, 610 F.3d 1009, 1017 (8th Cir. 2010)(quoting *United States v. Rodriguez*, 581 F.3d 775, 815 (8th Cir. 2009)). "The claimant must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *United States v. Armstrong*, 517 U.S. 456, 465 (1996)(citation omitted). Consistent with equal protection case law, a defendant must "produce some evidence that similarly situated defendants of other races could have been prosecuted, but were not[.]" *Id.* at 469 (citations omitted). The Supreme Court "ha[s] taken great pains to explain that the standard [to prove a claim of selective prosecution] is a demanding one." *Id.* at 463.

Moreover, there is a "correspondingly rigorous standard for discovery in aid of such a claim." *Id.* at 468. "To obtain an evidentiary hearing, [a defendant] 'must present some evidence that tends to show the existence of both elements' of a selective prosecution claim." *United States v. Peterson*, 652 F.3d 979, 982 (8th Cir. 2011)(citing *United States v. Perry*, 152 F.3d 900, 903 (8th Cir. 1998)). "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Armstrong*, 517 U.S. at 464 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

Defendant's selective prosecution claim fails for a number of reasons. First, Defendant has not demonstrated that employers who hire and employ undocumented workers are "similarly situated" to Defendant. A selective prosecution claim requires the defendant show he was treated differently from other persons who are similarly situated "in all relevant respects." See *Gilani v. Matthews*, 843 F.3d 342, 348 (8th Cir. 2016). Although the Eighth Circuit Court of Appeals has not precisely defined what "all relevant respects" entails for a selective prosecution claim, other district courts in this circuit require the comparator to have "engaged in the same type of conduct," meaning, "the comparator committed the same basic crime in substantially the same manner as the defendant—so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan—and against whom the evidence was as strong or stronger than that against the defendant."

5

*United States v. Vawter*, No. 6:13-CR-03123, 2014 WL 5438382, at *8 (W.D. Mo. Oct. 24, 2014)(quoting *United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000)); see also, *United States v. Islamic Am. Relief Agency*, No. 07-00087-CR-W-NKL, 2009 WL 3062172, at *2 (W.D. Mo. Sept. 21, 2009); *United States v. White*, No. 12-CR-03045, 2016 WL 4473803, at *4 (W.D. Mo. Aug. 23, 2016); *Ingram v. United States*, 296 F. Supp. 3d 1076, 1086 (N.D. Iowa 2017).

In this case, Defendant is charged with false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B), unlawful use of an identification document in violation of 18 U.S.C. § 1546(b), and making a false claim of United States citizenship, in violation of 18 U.S.C. § 1015(e), arising out of his alleged use of false documents when completing Form I-9 for his employment with BC Drywall. Defendant asserts that employers of undocumented aliens "engage in the same basic alleged crime, to wit: illegal employment of undocumented individuals" and could be charged with unlawful employment of aliens pursuant to 8 U.S.C. § 1324a, with conspiracy to defraud the United States pursuant to 18 U.S.C. § 371, or for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. § 1961. (Filing No. 39 at pp. 4-5). Defendant is comparing apples and oranges. An employer of an undocumented alien not "engaged in the same type of conduct" or committing the "same basic crime" as an undocumented alien who uses false documents to obtain employment. Prosecution of an employer for unlawful employment of aliens proceeds under a completely different statute section, criminalizes a different type of conduct, requires different evidence and elements of proof, entails different potential defenses, and has different potential penalties, including civil penalties and injunctions. Although prosecution of an employer may also serve the government's interests in deterring illegal immigration, see *Steiben v. I.N.S.*, 932 F.2d 1225, 1228 (8th Cir. 1991), it is clear that an employer of an undocumented alien is not similarly situated "in all relevant respects" to Defendant for purposes of a selective prosecution claim. See *Gilani*, 843 F.3d at 348.

More importantly, Defendant has only made general, non-specific allegations in support of his selective prosecution claim. Defendant broadly compares undocumented alien employees with employers of undocumented aliens without identifying who these "employers" are (with the exception of Defendant's employer, BC Drywall), and without identifying the number, race, or citizenship of those employers. Defendant also does not state or provide evidence of the number or race of the other minority undocumented employees selected for prosecution for same or similar immigration violations for which Defendant is charged. Instead, Defendant leaves the Court to

6

make assumptions favorable to the defense. Defendant's bare allegations do not satisfy his burden to "produce some evidence that similarly situated defendants of other races could have been prosecuted, but were not[.]" *Armstrong*, 517 U.S. at 469.

Finally, Defendant presented no evidence to demonstrate any discriminatory intent of the government. Defendant directs the Court to the testimony of DHS special agent Justin McCarthy at the May 4, 2018, preliminary hearing, wherein McCarthy testified that he was aware of "other situations where other deportation officers working in the enforcement and removal operations office in Omaha, Nebraska, have contacted [Defendant's employer] regarding similar issues." (Filing No. 38 at pp. 1-2; Filing No. 51 at pp. 15-16). However, such testimony is insufficient to support Defendant's claim of discriminatory intent. *See, e.g.*, *Armstrong*, 517 U.S. at 470 (concluding a study showing that in a one year period, 24 of 24 crack offense cases involved black defendants did not constitute "some evidence tending to show the existence of the essential elements of" a selective-prosecution claim because it "failed to identify individuals who were not black and could have been prosecuted for the offenses for which respondents were charged, but were not so prosecuted."). Conclusory assertions of discriminatory motive, without supporting facts, are "wholly insufficient to support [a] claim of selective prosecution." *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004).

Defendant has not made a threshold showing to substantiate his selective prosecution claim or to obtain discovery in aid of his claim. Accordingly, discovery and a hearing are not warranted.

Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert F. Rossiter, Jr., that:

1. Defendant's Motion for Order to Show Cause Why Case Should not be Dismissed (Filing No. 37) be denied; and
2. Defendant's Motion to Dismiss Based on Selective Prosecution and, or alternatively, for Additional Discovery (Filing No. 38) be denied.

Dated this 30th day of August, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.