IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL VILLALBA,<br><br>Defendant. | 8:18CR120<br><br>**ORDER** |

      This matter comes before the court on Defendant's Motion to Reconsider Findings and Recommendations and to Accept Supplemental Record ([Filing No. 53](#)). Defendant requests that the undersigned magistrate judge reconsider his recommendation that Defendant's Motion to Show Cause Why This Case Should Not Be Dismissed ([Filing No. 40](#)) be denied. Defendant filed an Index Evidence containing eight exhibits in support of the motion to reconsider. ([Filing No. 54](#)). The government did not file a brief in opposition to the motion.[1] A status conference on the motion was held in court on September 25, 2018. Defendant appeared with his counsel, Ross Pesek. Fred Franklin appeared on behalf of the government. The Court heard arguments from both parties. The government did not oppose the portion of Defendant's motion asking the Court to accept supplementation of the record, and therefore the motion is granted to that extent. Exhibits 1-8 ([Filing No. 54](#)) are received in support of Defendant's Motion for Order to Show Cause ([Filing No. 40](#)). After review of the matter, Defendant's motion to reconsider will otherwise be denied.

      Defendant asks the undersigned to reconsider the Findings and Recommendation because he was not given an opportunity to present evidence or oral argument or provide supplemental briefing, and refers to a footnote wherein the undersigned stated that "[he] does not foreclose the possibility that this issue may again arise in the event that the government attempts to proceed with removal during the pendency of this criminal prosecution." ([Filing No. 53 at p. 4](#) n.1). Defendant argues that 'the federal government is, in fact, proceeding with criminal prosecution and removal simultaneously" and "[t]here is no evidence that removal proceedings were halted." ([Filing No.

---

[1] Despite the court's order to do so (Filing No. 55), the government did not respond to the motion. The failure to brief an issue raised in a motion may be considered a waiver of that issue. NECrimR 12.3(c)(2).

53 at p. 2). Exhibit 8 shows that the immigration matter is "pending" and an immigration "Master" hearing scheduled on December 11, 2018. (Filing No. 54-8).

As set forth in the undersigned's previous findings, Defendant initially withdrew his efforts to dismiss the criminal complaint in this matter upon posting a bond and being released from his immigration detainer on or about May 3, 2018. The record shows that an immigration hearing took place on May 1, 2018, (Exhibit 5, Filing No. 54-5), at which time the immigration bond was set, and that the bond was satisfied on May 2, 2018, (Exhibit 6, Filing No. 54-5). Thereafter, Defendant's motion to terminate the removal proceedings was denied by the immigration judge as moot "because the respondent has been given an immigration Court bond and released from custody." (Exhibit 7, Filing No. 54-5). The immigration case remains pending. (Exhibit 8, Filing No. 54-5).

In sum, nothing has changed since the filing of Defendant's initial motion for order to show cause and the issuance of the undersigned magistrate judge's findings and recommendation. The record now shows that an immigration bond was required to be posted. Nevertheless, Defendant was released from custody. The decisions cited by Defendant do not support his argument under this scenario. It remains to be seen whether the government proceeds with removal efforts. For now, Defendant's motion for order to show cause why this case should not be dismissed remains unripe,[2] and therefore his motion for reconsideration is denied. Accordingly,

**IT IS ORDERED:**
1. Defendant's Motion to Reconsider Findings and Recommendations and to Accept Supplemental Record (Filing No. 53), is granted in part, and in part denied;
    a. The record as to Defendant's Motion to Show Cause Why This Case Should Not Be Dismissed (Filing No. 40) is supplemented with Exhibits 1-8 filed by Defendant at Filing No. 54; and
    b. The remainder of Defendant's Motion to Reconsider is denied.
2. Pursuant to NECrimR 59.2 and the court's previous text order (Filing No. 55), any objection to this Order and the portion of the Findings and Recommendation (Filing

---

[2] And perhaps unfounded, in any event, as a district judge in this Circuit has recently rejected a similar argument. See *United States v. Villatoro-Ventura*, No. CR18-4060-LTS, 2018 WL 4376983, at *1 (N.D. Iowa Sept. 12, 2018)(Strand, J.).

No. 52) as to the Motion to Show Cause Why This Case Should Not Be Dismissed (Filing No. 40) shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 26th day of September, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge