IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SAMUEL VILLALBA,<br><br>    Defendant. | 8:18CR120<br><br>**ORDER** |

    On May 22, 2018, a grand jury charged defendant Samuel Villalba ("Villalba") in a three-count indictment (Filing No. 27) with (1) falsely representing the Social Security number of another person as his own, in violation of 42 U.S.C. § 408(a)(7)(B); (2) misusing an identification document, in violation of 18 U.S.C. § 1546(a); and (3) falsely claiming U.S. citizenship to obtain a benefit or service and to unlawfully engage in employment in the United States, in violation of 18 U.S.C. § 1015(e). On July 20, 2018, Villalba, who describes himself as an undocumented immigrant, moved to dismiss the case against him (Filing No. 38), alleging selective or vindictive[1] prosecution "on the basis of race and/or national origin, which has a discriminatory effect and intent." *See* Fed. R. Crim. P. 12(b)(3)(A)(iv). More specifically, Villalba complains that he was charged with several crimes, but his employer, who has "a known practice of hiring undocumented immigrants," was not. Villalba alternatively seeks additional discovery related to his allegations of discrimination.

---

    [1]Vindictive prosecution, which is distinct from selective prosecution, requires proof of "vindictiveness, in the sense of bad faith or maliciousness." *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004). In his motion and supporting brief, Villalba—at times—superficially mentions vindictive prosecution when discussing selective prosecution, but he does not actually press such a claim or present any argument or evidence related to vindictiveness.

To prevail on his selective-prosecution claim, Villalba "must show (1) he was singled out for prosecution while others similarly situated were not prosecuted for similar conduct, and (2) the decision to prosecute him was based on an impermissible motive such as race, religion, or an attempt by the defendant to secure other constitutional rights." *United States v. Rodriguez*, 581 F.3d 775, 815 (8th Cir. 2009). His "burden is a heavy one." *United States v. Kelley*, 152 F.3d 881, 886 (8th Cir. 1998) (*quoting United States v. Matter*, 818 F.2d 653, 654-55 (8th Cir. 1987)).

In general, the government has broad discretion in deciding who to investigate and prosecute for violating criminal statutes. *See*, *e.g.*, *Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009) (explaining such decisions are "ill-suited to judicial review"). Absent a prima facie "showing of intentional and purposeful discrimination," the Court presumes the prosecution has "been undertaken in good faith." *United States v. Parham*, 16 F.3d 844, 846 (8th Cir. 1994). Villalba faces a correspondingly high bar in showing he is entitled to obtain "discovery in aid of such a claim" because discovery "will divert prosecutors' resources and may disclose the Government's prosecutorial strategy." *United States v. Armstrong*, 517 U.S. 456, 468 (1996).

Villalba's motion to dismiss for selective prosecution was referred to a magistrate judge[2] pursuant to 28 U.S.C. § 636(b)(1)(B). On August 30, 2018, the magistrate judge issued a Findings and Recommendation (Filing No. 52) recommending the Court dismiss Villalba's motion because his "general, non-specific allegations" fail to show that he was similarly situated to his employer in all relevant respects and that the government acted with discriminatory intent in choosing to prosecute him.[3]

---

[2] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

[3] The magistrate judge's Findings and Recommendation also addressed Villalba's Motion for Order to Show Cause Why Case Should Not be Dismissed (Filing No. 37). This Order does not cover that motion.

Villalba objects (Filing No. 56) to the magistrate judge's findings and recommendation. According to Villalba, the magistrate judge erred in (1) concluding he was not engaged in the same conduct or committing the same crime as his employer, (2) describing his allegations as general, and (3) finding he offered "no evidence" of discriminatory motive. Villalba's objections are unavailing.

Having conducted the required de novo review of Villalba's objections and the record in this case, *see* 28 U.S.C. § 636(b)(1), the Court finds the magistrate judge's findings and recommendation should be accepted. The Court agrees with the magistrate judge that Villalba has not made a sufficient showing of selective prosecution to warrant dismissal or discovery. *See*, *e.g.*, *Armstrong*, 517 U.S. at 468-69; *United States v. Peterson*, 652 F.3d 979, 982 (8th Cir. 2011) (per curiam). More precisely, Villalba has neither shown that he and his employer "were similarly situated 'in all relevant respects,'" *Gilani v. Matthews*, 843 F.3d 342, 348 (8th Cir. 2016) (quoting *Flowers*, 558 F.3d at 798), nor shown sufficient evidence of "intentional and purposeful discrimination" by the government, *Parham*, 16 F.3d at 846.

"Defendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." *United States v. Venable*, 666 F.3d 893, 900-01 (4th Cir. 2012). Villalba has not made such a showing. Instead, he relies on an unduly high level of generality, a dubious hypothetical about an uncharged conspiracy, and unsupported conclusions that are inconsistent with the wide latitude prosecutors have in determining who to charge and how to charge them. *See Flowers*, 558 F.3d at 798.

As to any impermissible motive, Villalba takes issue with the magistrate judge's statement that he "presented no evidence to demonstrate any discriminatory intent of the government." Pointing to "[t]he chain of events that lead [sic] to [his] arrest and prosecution" and the testimony from the investigating agent that there was a pattern of

illegal employment at Villalba's employer, Villalba says he presented some evidence of discrimination, even if it is "insufficient evidence in the eyes of the Court." Although Villalba quibbles with the magistrate judge's use of the phrase "no evidence," the Court's review of the magistrate judge's thorough analysis makes clear that the magistrate judge considered Villalba's proffered evidence but found it insufficient to demonstrate any discriminatory motive or purpose behind the charges against Villalba. The magistrate judge did not err in reaching that sensible conclusion. *See Peterson*, 652 F.3d at 982. Accordingly,

    IT IS ORDERED:

1. Samuel Villalba's objections (Filing No. 56) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 52) are accepted with respect to Villalba's Motion to Dismiss based on Selective Prosecution or alternatively, for Additional Discovery (Filing No. 38).
3. That motion is denied.

Dated this 2nd day of October 2018.

                            BY THE COURT:

                            Robert F. Rossiter, Jr.
                            United States District Judge